UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| KATRINA FITZSIMMONS,<br><br>    Plaintiff,<br><br>    v.<br><br>CAROLYN W. COLVIN,<br>Acting Commissioner of Social Security,<br><br>    Defendant. | No. 1:15-CV-03017-RHW<br><br>**ORDER DENYING PLAINTIFF'S MOTION FOR RECONSIDERATION** |

Before the Court is Plaintiff's Motion to Alter or Amend Judgment Pursuant to Federal Rule of Civil Procedure ("FRCP") 59(e). The motion was heard without oral argument.

A party may ask the Court to reconsider and amend a previous order pursuant to FRCP 59(e). FRCP 59(e) offers "an extraordinary remedy, to be used sparingly in the interests of finality and conservation of judicial resources." *Carroll v. Nakatani*, 342 F.3d 934, 945 (9th Cir. 2003). A FRCP 59(e) motion may be granted when: (1) the motion is necessary to correct "manifest errors of law upon

**ORDER DENYING PLAINTIFF'S
MOTION FOR RECONSIDERATION ~ 1**

which the judgment is based"; 2) the moving party presents newly discovered or previously unavailable evidence; 3) the motion is necessary to "prevent manifest injustice"; or 4) there is an intervening change in controlling law. *Turner v. Burlington N. Santa Fe R. Co.*, 338 F.3d 1058, 1063 (9th Cir. 2003).

Here, Ms. Fitzsimmons argues that the Court committed clear error, the decision was manifestly unjust, and there has been an intervening change in controlling law. ECF No. 35 at 1.

Pursuant to 42 U.S.C. § 405(g), district courts have the power to enter a judgment affirming, modifying, or reversing the decision of the Commissioner of Social Security, with or without remanding the cause for a rehearing. The Commissioner's determination will be set aside only when the ALJ's findings are based on legal error or are not supported by substantial evidence in the record as a whole. *Matney v. Sullivan*, 981 F.2d 1016, 1018 (9th Cir. 1992) (citing 42 U.S.C. § 405(g)).

Ms. Fitzsimmons argues that the Court's affirmation of the ALJ's determinations regarding her subjective complaints and the opinion of Dr. Robertson resulted in clear error and manifest injustice. The Court disagrees. The Court carefully reviewed the ALJ's decision, the administrative record, and the parties' briefing before making its conclusions and before determining that substantial evidence in the record supported the Commissioner's findings. Ms.

Fitzsimmons's disagreement with the Court's conclusions is not the proper basis for granting a motion for reconsideration.

Ms. Fitzsimmons also asserts that Social Security Ruling ("SSR") 16-3p, published by the Social Security Administration in March 2016, constitutes an intervening change in controlling law. ECF No. 35 at 16-19. First, this SSR was not effective until March 28, 2016, which is well before the ALJ's determination. *See* SSR 16-3p. Moreover, the instructions provided in the SSR state that it is eliminating that term credibility with the purpose to "clarify that subjective symptom evaluation is not an examination of an individual's character." *Id.* ALJ Kennedy made a decision based on factors other than Ms. Fitzsimmons's character, including evidence in the medical record, gaps in treatment, and daily activities. AR 26-27. Thus, even if SSR 16-3p were applied retroactively, it would not invalidate the ALJ's determination regarding Ms. Fitzsimmons's subjective symptom complaints.

///

///

///

///

///

///

**ORDER DENYING PLAINTIFF'S
MOTION FOR RECONSIDERATION ~ 3**

Accordingly, **IT IS ORDERED:**

1. Plaintiff's Motion to Alter or Amend Judgment Pursuant to Federal Rule of Civil Procedure 59(e), **ECF No. 35**, is **DENIED.**

**IT IS SO ORDERED.** The District Court Executive is directed to enter this Order, forward copies to counsel and **close the file**.

**DATED** this 24th day of May, 2016.

*s/Robert H. Whaley*
ROBERT H. WHALEY
Senior United States District Judge

**ORDER DENYING PLAINTIFF'S
MOTION FOR RECONSIDERATION ~ 4**